UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| NICHOLAS ROZDILSKY, <br><br> Plaintiff, <br><br> v. <br><br> LIQUIDITY SERVICES, INC., <br><br> Defendant. | Civil Action No. TDC-22-3355 |
| LIQUIDITY SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS ROZDILSKY, <br><br> Defendant. | Civil Action No. TDC-23-1653 |

**MEMORANDUM ORDER**

Plaintiff Nicholas Rozdilsky has filed a Motion to Consolidate, in which he seeks that *Rozdilsky v. Liquidity Services, Inc.*, No. TDC-22-3355 ("the Employment Discrimination Case"), be consolidated with *Liquidity Services, Inc. v. Rozdilsky*, No. PJM-23-1653 ("the Trade Secrets Case"), currently pending before Senior United States District Judge Peter J. Messitte, "initially for the motion to dismiss and/or discovery stage." Mot. Consolidate at 2, No. TDC-22-3355, ECF No. 25. Defendant Liquidity Services, Inc. ("LSI") opposes the Motion, which is now fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. Because Rozdilsky has not moved for the cases to be consolidated for trial,

the Court will consider consolidation only on the issue of discovery, while recognizing that such consolidation will result in both cases being overseen by the same judge.

## DISCUSSION

Under Federal Rule of Civil Procedure 42, a court may consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the cases are related in that they involve the same parties and counsel and are factually connected. Specifically, in the Employment Discrimination Case, Rozdilsky is alleging race and age discrimination, as well as retaliation, arising from his termination by LSI in August 2021. In the Trade Secrets Case, LSI filed suit against Rozdilsky "for misappropriation of . . . confidential information and trade secrets" in violation of federal and state trade secrets laws and Rozdilsky's employment agreement based on the allegation that in the weeks after his August 2021 termination from LSI, Rozdilsky improperly copied and retained LSI electronic records. Rozdilsky has asserted that to the extent that he took these actions, he did so to secure evidence relevant to a subsequent employment discrimination case against LSI based on his termination.

As for whether there are specific common questions of law or fact, Rozdilsky points to the immunity provision of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1833(b)(1)(A)(i-ii) (2018), which states that "[a]n individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret" that is made "in confidence to . . . an attorney" and "solely for the purpose of reporting or investigating a suspected violation of law." *Id.* In the Trade Secrets Case, Rozdilsky will rely on this immunity provision as an affirmative defense, because he asserts that he collected the records and provided them to his attorney for the purpose of investigating employment discrimination against him by LSI.

In light of this connection, the Court finds sufficient common questions to warrant consolidation for purposes of discovery. First, at least some of the facts relating to the circumstances of Rozdilsky's termination, which are plainly relevant in the Employment Discrimination Case, are likely relevant in the Trade Secrets Case. The fact that Rozdilsky believed that he was subjected to discrimination may support LSI's claim in the Trade Secrets Case by demonstrating that Rozdilsky had a specific motive for his actions relating to the electronic records. At the same time, the facts about his termination may support Rozdilsky's claim that the DTSA's immunity provision applies because they may illustrate that there was a "suspected violation of law" that justified his actions. 18 U.S.C. § 1833(b)(1)(A)(ii).

Second, the actual records obtained by Rozdilsky are likely relevant to both cases. In the Employment Discrimination Case, the records may provide evidence in support of his discrimination claims, while in the Trade Secrets Case, the same records provide evidence of the alleged violations. As in the trial in *Lutz v. Liquidity Services, Inc.*, No. TDC-21-1229, LSI may seek to exclude those records from use in the Employment Discrimination Case based on the way they were obtained. Such an argument would be stronger if LSI can show that the records were actually obtained unlawfully and not subject to the immunity provision. Thus, not only the records themselves, but also the facts on how they were obtained, are likely relevant in both cases. Even if those facts may not be admitted at trial in the Employment Discrimination Case, they may be relevant to the Court's rulings on whether certain documents can be used in that case and, if so, in what manner.

Third, there are common witnesses, including Rozdilsky and Michael Lutz. As part of the Employment Discrimination Case, Rozdilsky alleges that LSI's August 2020 firing of Michael Lutz, a white male executive who was then replaced by a Black employee, was based on the same

discriminatory motivation, such that evidence relating to Lutz's termination may provide comparator evidence on the issue of discriminatory intent. In the Trade Secrets Case, LSI allege that Lutz received the records copied by Rozdilsky. If that is true, it may show liability in the Trade Secrets Case. Thus, Lutz almost certainly has evidence relevant in both cases. There are likely other common witnesses, at least for purposes of discovery. Based on these overlapping legal or factual issues, the Court finds that it may consolidate the cases under Rule 42 for purposes of discovery.

As for other factors, the United States Court of Appeals for the Fourth Circuit has identified additional considerations, specifically "whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Although many of these factors relate to consolidation for trial, some have been considered in relation to consolidation at pre-trial stages.

At this stage, these factors either weigh in favor of, or are consistent with, consolidation. First, to the extent that any of the records copied by Rozdilsky would be offered at trial in the Employment Discrimination Case, there is efficiency in having the question of whether the immunity provision applies resolved before the same judge so as to avoid the risk of inconsistent adjudications of key issues.

Second, although LSI argues that consolidation would unfairly prejudice it by delaying resolution of the Trade Secrets Case, at this point the cases are largely on the same track. Both cases have pending Motions to Dismiss that have yet to be resolved, and discovery has not

4

commenced in either case. The Court anticipates that the Motions to Dismiss can both be resolved relatively soon so that consolidation for discovery will not create any significant inefficiencies. Any prejudice from a minor delay resulting from the resolution of one Motion to Dismiss before the other is outweighed by the efficiencies created by having discovery occur simultaneously. *See Wright Mfg., Inc. v. Excel Indus., Inc.*, No. WMN-06-2770, 2007 WL 9782466, at *4 (D. Md. Oct. 4, 2007) (granting a motion to consolidate two cases for discovery and pre-trial proceedings where discovery had only recently commenced in one case and had not yet begun in the other case, such that any delay from consolidation was "likely to be minimal").

## CONCLUSION

For the foregoing reasons, the Court finds that in light of the common issues of law and fact, and the efficiencies resulting from consolidation for discovery, it is hereby ORDERED that:

1. Plaintiff's Motion to Consolidate, No. TDC-22-3355 ECF No. 25, and No. PJM-23-1653 ECF No. 17, is GRANTED in that the identified cases are consolidated for discovery.

2. *Liquidity Services, Inc. v. Rozdilsky*, No. PJM-23-1653, shall be transferred to Judge Theodore D. Chuang.

Date: March 18, 2024

THEODORE D. CHUANG
United States District Judge

5